IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESS KENNEDY, as Guardian *Ad Litem* for LATANYA MARIE SESSION,<br><br>         Plaintiff,<br><br>   v.<br><br>MONTEREY BAY RESOURCES, INC., TY EBRIGHT, ANN EBRIGHT, CONTANZ FRIE, MATTHEW LOPEZ, PLM LENDER SERVICES INC, and DOES 1-50,<br><br>         Defendants.<br>_____/ | No. C 10-04942 WHA<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO CONTINUE TRIAL AND SECOND AMENDED CASE MANAGEMENT ORDER** |

   Before the Court is plaintiff's motion to continue trial, currently set for December 3, 2012, and to refer the case to mediation. Counsel for defendant PLM Lender Services ("PLM") filed a declaration in support of the motion and a statement of non-opposition (Dkt. Nos. 113 and 117). Counsel for defendants Monterey Bay Resources, Inc., Ty Ebright, Ann Ebright and Constanz Frie ("Ebright Defendants") filed a declaration "in conditional support of continuance of trial" (Dkt. No. 114).

   The denial of a continuance is within the discretion of the trial court. Relevant factors to consider include the extent of the moving party's diligence in preparation, how likely it is that the need for a continuance could be met if the continuance is granted, the extent to which granting the continuance would inconvenience the court and the parties, including their witnesses, and whether the moving party will suffer harm as a result of denial. *United States v. 2.61 Acres of Land,* 791 F.2d 666, 671 (9th Cir. 1985).

   At the outset, the Court notes that plaintiff LaTanya Marie Sessions initially filed her complaint in November 2010. A guardian *ad litem* was appointed for Ms. Sessions in January

2012. Plaintiff filed an amended complaint in April 2012. Plaintiff requests a continuance of the trial date to a time "no earlier than June 3, 2012." The reasons set forth in the motion are that: (1) several of the attorneys are not familiar with the case, whether because they are new or, in the case of PLM, because counsel only recently became "substantively involved"; (2) defendant Ty Ebright is out of the country on a sailboat trip, and will not return for an unspecified but allegedly "extended period of time"; and (3) plaintiff believes that further settlement discussions before Magistrate Judge Corley may resolve the action.

Plaintiff and defendant PLM, through counsel, have both represented that they are interested in continuing settlement discussions. Plaintiff's counsel states, however, that counsel for Ebright defendants have neither responded to nor acknowledged plaintiff's settlement communications (Young Decl. ¶ 9). The Court finds that in the circumstances of this case, court-ordered mediation may benefit the parties and the resolution of this action. The Court **HEREBY ORDERS THE PARTIES TO MEDIATION BEFORE MAGISTRATE JUDGE CORLEY BY OCTOBER 26, 2012**. The parties must be present or be represented by someone with the authority to approve settlement of this action, should such an agreement be reached.

The request to continue the trial date and all related dates is **GRANTED**. The following schedule now applies to the case:

    a.    Non-expert Discovery Cut-off: **DECEMBER 17, 2012.**

    b.    Designation of Opening Experts with Reports: **DECEMBER 17, 2012.**

    c.    Last Day for Dispositive Motions: **FEBRUARY 11, 2013.**

    d.    Final Pre-trial Conference: **APRIL 8, 2013.**

    e.    Trial: **APRIL 15, 2013.**

**IT IS SO ORDERED.**

Dated: August 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2