United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BESS KENNEDY, as *Guardian Ad Litem* for
LATANYA MARIE SESSION,

    Plaintiff,

  v.

MONTEREY BAY RESOURCES, INC.; TY
EBRIGHT; ANN EBRIGHT; CONTANZ
FRIE; MATTHEW LOPEZ; PLM LENDER
SERVICES, INC.; and DOES 1–50,

    Defendants.
                                    /

No. C 10-04942 WHA

**ORDER DENYING
DEFENDANTS' MOTION
FOR BENCH TRIAL**

## INTRODUCTION

In this foreclosure dispute, defendants move for an order that this matter be tried to the bench rather than to a jury. For the following reasons, defendants' motion is **DENIED.**

## STATEMENT

Defendants contend that plaintiff waived her right to proceed by a jury trial because she did not file a timely request for a jury trial. Defendant PLM requested a jury trial in its answer to the first amended complaint but subsequently filed a waiver thereof and expressed its desire to proceed by a bench trial. Defendant PLM, however, did not obtain consent from the other parties to dispense with a jury. Plaintiff did not respond to defendant PLM's waiver and did not file a separate request for a jury trial. The motion contends that the waiver filed by defendant

1  PLM, though unilateral, properly retracted its request to proceed by a jury trial and all
2  defendants now seek to confirm that this matter will proceed by a bench trial.

## ANALYSIS

4  Defendants accurately point out that plaintiff has never made a demand for a jury trial.
5  Defendant PLM, however, made a demand for a jury trial in its answer. It is true that defendant
6  PLM then unilaterally withdrew its demand by filing a waiver of its right to a jury trial.
7  Rule 38(d), however, states that "[a] proper demand [for jury trial] may be withdrawn only if the
8  parties consent." *Defendant PLM did not obtain consent from plaintiff to withdraw its demand*
9  *for a jury trial*. As a result, defendant PLM's withdrawal was of no effect under Rule 38(d).

10  Despite the language of Rule 38(d), defendants contend that defendant PLM was entitled
11  to unilaterally retract its demand for a jury trial. Defendants argue that the purpose of Rule 38(d)
12  "has been interpreted as incorporating a right of reasonable reliance on the jury demand of
13  another party" and they say that plaintiff's reliance was unreasonable in this case, after the
14  withdrawal, given that plaintiff could still have filed her own demand. Defendants cite
15  *California Scents v. Surco Products, Inc*., 406 F.3d 1102, 1106 (9th Cir. 2005).

16  In this Court's judgment, the decision of our court of appeals in *California Scents* is
17  almost completely on point and is dispositive here. *Id*. at 1102. But it militates in the opposite
18  way from that argued by defendants.

19  In *California Scents*, the plaintiff did not demand a jury trial. The defendant, however, in
20  its answer filed counterclaims and demanded a jury trial as to all counterclaims. The defendant
21  moved for summary judgment on two of the plaintiff's own claims. The district court granted
22  summary judgment in favor of the defendant on the complaint. The district court then granted
23  the defendant's subsequent motion to dismiss its counterclaims with prejudice. The plaintiff
24  appealed the grant of summary judgment and the court of appeals reversed and remanded
25  because it found a genuine issue of material fact. On remand, the plaintiff argued that it was
26  entitled to a jury trial for its own claims because the defendant had made a proper demand for
27  a jury trial in its answer. The plaintiff contended that because its claims were directed at the
28  same issues as the defendant's counterclaims it was therefore entitled to rely on the defendant's

1  jury demand to preserve its own right to a jury trial on its complaint. The district court disagreed
2  with the plaintiff and denied the plaintiff's demand for a jury trial. After the completion of a
3  bench trial the plaintiff appealed. The court of appeals reversed and held that the factual overlap
4  between the parties' claims compelled the conclusion that the defendant's jury demand on its
5  counterclaims was directed to the same issues as the plaintiff's complaint. As such, the plaintiff
6  there was entitled to a jury trial even though it had never filed a demand of its own. *Id.* at 1109.

7  So too here. The facts are close enough. As there, plaintiff here did not demand a jury
8  trial but defendant PLM in its answer requested a jury trial on all matters that are subject to jury
9  determination. The factual allegations supporting the claims in the complaint and defendant
10 PLM's answer and affirmative defenses are arising out of the same alleged harm and premised
11 on the same facts. As in *California Scents*, plaintiff's reliance on defendant PLM's jury demand
12 was not unreasonable because defendant PLM's jury request was directed to the same issues as
13 plaintiff's complaint. Here, unlike in *California Scents*, defendant PLM attempted to retract its
14 jury demand by filing a waiver. Such a distinction, however, is not material because the effect
15 of the district court's dismissal of all counterclaims with prejudice in *California Scents* was
16 similar in effect to defendant PLM's attempt to retract its waiver.

17 Defendants, in their reply, point to language from another appellate decision to the effect:
18 "[a]s a practical matter, Rule 38(d) prevents a party from withdrawing its request for a jury trial
19 *subsequent* to the expiration of the period for a timely demand by the other parties." *Reid Bros.*
20 *Logging Co. v. Ketchikan Pulp Co.*, 699 F.2d 1292, 1304 (9th Cir. 1983) (emphasis added).
21 Defendants' reliance on *Reid Bros*. is misplaced for two reasons. *First*, the language is dicta.
22 *Second*, the facts and holding in *Reid Bros*. are distinguishable. In *Reid Bros*., a defendant
23 vehemently opposed the plaintiff's demand for a jury, but when the plaintiff attempted to waive
24 its demand to secure an earlier trial date before a next assigned and different judge, the defendant
25 refused to consent to the waiver. The court of appeals held that by virtue of its earlier active
26 opposition, the defendant had waived its right to rely on the protections of Rule 38(d) because
27 the defendant's own conduct had made clear that it was not relying on the plaintiff's demand.
28 *Id*. at 1304–05. Here, plaintiff, unlike the defendant in *Reid Bros*., has remained silent on the

3

1  issue of jury trial and has not acted in an affirmative manner that expressly indicated that she
2  was not relying on the demand for a jury trial of defendant PLM.

3      No statement in any decision by the court of appeals has ever held or come close to
4  holding that a party may withdraw a jury demand without the consent of the other parties so
5  long as the other parties are still able to timely file their own demand. That might be a plausible
6  rule but it is not the rule we have.

7      Again, Rule 38(d) expressly provides: "[a] proper demand [for jury trial] may be
8  withdrawn only if the parties consent." In the absence of clear cut authority by our court of
9  appeals that abrogates this bright line rule, this order will follow the wording of the rule and
10 persist in allowing a jury to decide this case.

## CONCLUSION

For the reasons state above, defendants' motion that this matter be tried to the bench rather than to a jury is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 5, 2012.

WILLIAM ALSUP  
UNITED STATES DISTRICT JUDGE