IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BESS KENNEDY, as guardian *ad litem* for LATANYA MARIE SESSION,<br><br>    Plaintiff,<br><br>  v.<br><br>MONTEREY BAY RESOURCES, INC., TY EBRIGHT, ANN EBRIGHT, CONTANZ FRIE, MATTHEW LOPEZ, PLM LENDER SERVICES, INC., and DOES 1-50,<br><br>    Defendants.<br>_____/ | No. C 10-04942 WHA<br><br>**ORDER SETTING EVIDENTIARY HEARING** |

On January 3, 2013, Attorney Jacqueline Young, counsel for plaintiff, and Attorney Samuel Goldstein, counsel for defendants Monterey Bay Resources, Inc., Ty Ebright, Ann Ebright, Contanz Frie, and Matthew Lopez, appeared for the order to show cause hearing. Counsel for defendant PLM Lender Services, Inc., Attorney Patrick Kelly, did not attend the hearing. The order to show cause and setting the hearing ordered the parties to show cause why the action should not be dismissed with prejudice due to the settlement agreement (Dkt. Nos. 135 and 137). According to Attorney Young, the action was not dismissed because (1) additional signatures were needed from four non-parties and (2) defendants had not yet made the first payments to plaintiff.

Attorney Young stated that defendant Ann Ebright had represented that Ebright would procure all necessary signatures to the settlement agreement. As of January 3, however, Ms. Ebright had not obtained the signatures of four lenders and/or owners: Andrea Villa, Kristi Damico, Blasezyk Physical Therapy Retirement Plan and Trust, and the Michael Reinhold 2006 Family Trust. Additionally, defendants Monterey Bay Rources, Ty and Ann Ebright, and

Contanz Frie were required to make a first payment of $10,000, collectively, under the settlement agreement. Defendant PLM Lender Services was required to make a first payment of $10,000. To date, plaintiff has not received any payments.

Accordingly, the Court hereby orders that the following persons or, if not a natural person, the representatives, appear on **JANUARY 17, 2013, AT 2:00 P.M. FOR AN EVIDENTIARY HEARING**: Andrea Villa, Kristi Damico, Blasezyk Physical Therapy Retirement Plan and Trust, and the Michael Reinhold 2006 Family Trust. They should be prepared to testify under oath as to why they have not signed the agreement. Based on Ms. Ebright's representation that she would ensure that the signatures were provided, Ms. Ebright is ordered to ensure that all four non-parties listed above appear at the hearing and are prepared to testify on this topic. Ms. Ebright is warned that failure to do so may result in a contempt order against her. If, however, the requisite signatures are all obtained and provided to plaintiff, and Ms. Ebright files a sworn declaration to that effect by **NOON ON JANUARY 15**, the non-parties' attendance may be excused. Ms. Ebright is also ordered to appear at the hearing to testify as to why she should not be found in contempt for failing to follow through on her representation pursuant to the settlement agreement.

Attorneys Goldstein and Kelly are required to appear at the hearing and testify as to why their clients have not made the first payments to plaintiff, as provided for by the settlement agreement. If a payment is made by **NOON ON JANUARY 15**, and the attorney timely files a sworn declaration so stating, the attorney's appearance at the hearing may be excused.

Absent further Court order, all persons identified herein must attend the January 17 hearing. As stated above, if a sworn declaration is timely filed by **NOON ON JANUARY 15** regarding a person's full performance of his or her duties under the settlement agreement, that person's attendance may be excused by the Court. Attorney Goldstein is ordered to serve this order on all non-parties listed above.

**IT IS SO ORDERED.**

Dated: January 3, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2